UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUCUL ADVERTISING, LLC, a
Michigan limited liability company,

      Plaintiff,

                                File No.  1:11-CV-682

v.

                                HON. ROBERT HOLMES BELL

CHARTER TOWNSHIP OF GAINES,
a Michigan municipal corporation,

      Defendant.

_____/

## O P I N I O N

      This action is before the Court on Plaintiff Hucul Advertising, LLC's appeal of

Defendant Gaines Charter Township Zoning Board of Appeal's ("ZBA") denial of its request

to erect a digital billboard.[1]

## I.

      Plaintiff Hucul Advertising, LLC, is an outdoor advertising company.  On February

4, 2011, Plaintiff filed an application for zoning approval from Defendant Gaines Charter

Township to install a digital billboard on property located at 4500 60th Street SE in Gaines

---

[1] Plaintiff's complaint contains 8 counts.  Counts 1, 2, 3, and 7 have been dismissed.
Counts 4, 5, and 6, raise constitutional claims of substantive due process, § 1983, and equal
protection.  Count 8 is an appeal of the ZBA's denial of its request to erect a digital billboard.
Only Count 8 is currently before the Court.

Township, Kent County, Michigan (the "Property"). ZBA 1.[2]

The Gaines Township Planning Director, determined that the Property was not eligible for a billboard for two reasons: "First, the property is not adjacent to M-6 right-of-way. Second, the new proposed billboard would be located within 4,000 feet of an eligible digital billboard." ZBA 7.

Billboards are regulated in § 17.12 of the Gaines Charter Township Zoning Ordinance (the "Ordinance"). ZBA 73-89. The Ordinance provides that "[b]illboards are allowed on parcels adjacent to M-6 and which are located in the I-1 and I-2 zoning districts," subject to the regulations contained in § 17.12(A) - (O). Ord. § 17.12. One of those regulations provides that "[n]o digital billboard shall be located within 4,000 feet of another digital billboard abutting or visible from either side of M-6." Ord. § 17.12(L)(3). Chapter 28 of the of the Ordinance defines "abutting or adjacent property" as "[a]ny lot or parcel of land adjoining or having a common border with a second lot or parcel of land." Ord. § 28.2(A).

Plaintiff appealed the Planning Director's decision to the ZBA. ZBA 13-19. Plaintiff raised four issues in its appeal. Plaintiff challenged the Planning Director's interpretation of "adjacent to" and his interpretation of the 4,000 feet digital billboard spacing requirement. In the alternative, Plaintiff requested a dimensional variance as to the "adjacent to" requirement, and a dimensional variance as to the 4,000 feet digital billboard spacing

---

[2]The parties' stipulated record regarding Plaintiff's appeal of the ZBA decision will be referenced as "ZBA" followed by a page number from 1-133. (Dkt. No. 13, Stipulated R.)

2

requirement.    On May 11, 2011, the ZBA denied all four grounds for relief.  ZBA 57-69.

Plaintiff filed this action on June 8, 2011, in the Kent County Circuit Court.  Count 8 of Plaintiff's complaint requests that the ZBA's decision be reversed because it was arbitrary, an abuse of discretion, contrary to law, not based upon competent, material and substantial evidence on the record, and because it was inconsistent with relief granted to other outdoor commercial advertisers.  (Compl. ¶ 99.)  Defendant removed the action to this Court.  The matter is currently before the Court on Plaintiff's appeal of the ZBA decision.

## II.

Under Michigan law, when a party appeals a decision of a zoning board appeals, the court must review the record and decision to ensure that the decision meets all of the following requirements:

(a) Complies with the constitution and laws of the state.
(b) Is based upon proper procedure.
(c) Is supported by competent, material, and substantial evidence on the record.
(d) Represents the reasonable exercise of discretion granted by law to the zoning board of appeals.

Mich. Comp. Laws § 125.3606(1).  The reviewing court may may affirm, reverse, or modify the decision of the zoning board of appeals, and make other orders as justice requires.  Mich. Comp. Laws § 125.3606(4).

### A. Interpretation of the Ordinance

Plaintiff's first two issues on appeal challenge the ZBA's interpretation of the ordinance. Legal questions, such as the interpretation of a township zoning ordinance, are

3

reviewed *de novo*.  *Yankee Springs Twp. v. Fox*, 264 Mich. App. 604, 605-06, (2004).  "The

rules governing the construction of statutes apply with equal force to the interpretation of

municipal ordinances."  *Gora v. City of Ferndale*,  456 Mich. 704, 711 (1998).

> The court is not free to substitute its judgment by imposing what it considers
> to be the wisest version of the ordinance, but is confined to an analysis of the
> text of the ordinance and, in the face of ambiguity, a determination of what the
> legislative body that enacted the ordinance intended by the language in
> question.

*Macenas v. Village of Michiana*, 433 Mich. 380, 396-97 (1989).

1.  <u>Adjacent to M-6</u>

      The ZBA upheld the Planning Director's determination that the Property on which

Plaintiff proposed to install a billboard was not "adjacent to M-6" because it did not adjoin

or have a common border with M-6. ZBA 60-62.

      Plaintiff contends that the ZBA's interpretation of the phrase "adjacent to M-6" is

contrary to law because:  (1) the ZBA improperly looked outside of Chapter 17 for a

definition of "adjacent;" (2) a road is not a parcel of property to which the Chapter 28

definition can apply; and (3) the interpretation is inconsistent with the Township's treatment

of previous billboard applications.

      In response, Defendant contends that Plaintiff's argument regarding the interpretation

of "adjacent" in § 17.12 is moot because the Ordinance was amended on April 11, 2011, to

provide:

> Billboards are only permitted within 100 feet of the M-6 freeway on property in the I-1 and I-2 zoning districts. The lot on which the billboard is located must abut and have frontage on the M-6 right-of-way.

Ord. § 17.12(A) (as amended on Apr. 11, 2011). (Dkt. No. 23, Def.'s Resp. Ex. A.)

Under Michigan law, a landowner does not have a vested property interest in a particular zoning classification unless he has a valid building permit and has completed substantial construction. *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992). Accordingly, "if a zoning ordinance has been amended to forbid a given use a court will give effect to the amendment even when the land owner had previously had an absolute right to put his land to the now forbidden use." *Klyman v. City of Troy*, 40 Mich. App. 273, 277-78 (1972). The April 11, 2011, amendment to the Ordinance replaced the phrase "adjacent to M-6" with the phrase "abut and have frontage on the M-6 right-of-way." Because the phrase "adjacent to M-6" is no longer in the Ordinance, Plaintiff's appeal of the ZBA's interpretation of "adjacent to M-6" is moot.

Moreover, even if the issue were not moot, the Court would affirm the ZBA's interpretation. The plain meaning of "adjacent" is not limited to adjoining, and may also be defined as "near" or "close." It is more reasonable to interpret adjacent in a manner that would give the term a useable meaning in the zoning context. "Close to" is not a workable term in the zoning context because it is imprecise. Moreover, the ZBA's reliance on the definition of "adjacent" found in Chapter 28 of the Ordinance was not improper. Chapter 17, the chapter devoted to signage regulations, contains a list of definitions that apply to that

chapter. Ord. § 17.3. Chapter 17 does not define "adjacent." Therefore, it was appropriate to look to Chapter 28, which includes definitions that apply to the Ordinance as a whole. ZBA 99-114.) As indicated in the introduction to Chapter 28, the definitions in that section are "[f]or the purpose of their use in this Ordinance." Ord. § 28.1.

Chapter 28 defines "Abutting or Adjacent Property" as "[a]ny lot or parcel of land adjoining or having a common border with a second lot or parcel of land." Ord. § 28.2(A). Because the term "lot" is defined as "[a] parcel of land, exclusive of any road or street right-of-way," and because M-6 is a road, Plaintiff contends that the Chapter 28 definition of "adjacent" cannot govern the meaning of "adjacent to M-6."

Although the Chapter 28 definition cannot be inserted word for word into § 17.12, it still tends to support the ZBA's determination that "adjacent," as used in § 17.12, means "abutting" as opposed "close to."

Finally, Plaintiff contends that the ZBA's definition of "adjacent to M-6" is contrary to law because it is inconsistent with the Township's previous approval of billboards on properties that are close to, but do not abut M-6.

The three billboards at issue are on property that abuts property owned by the Michigan Department of Transportation ("MDOT"). The ZBA explained that "[t]he Township has historically treated this MDOT-owed property as being part of the M-6 right-of-way, to be used for future expansions of the freeway or interchange/bridge areas." ZBA 61. Because the Township has treated such property as M-6 property, these billboards are

not evidence that the Township has treated parcels or lots not touching or fronting on M-6 as being "adjacent" to M-6.

The ZBA's interpretation of "adjacent to M-6" is consistent with both the plain meaning of the term and with the definition of "adjacent" in Chapter 28, and it is not inconsistent with the Township's previous interpretations of "adjacent to M-6." Accordingly, the Court is satisfied that the ZBA's interpretation of "adjacent to M-6" is not contrary to law.

2. <u>Digital Billboard Spacing</u>

The ZBA also upheld the denial of Plaintiff's application for a digital billboard on the basis that it did not meet the digital billboard spacing requirement of § 17.12(L)(3). The Ordinance provides:

> No digital billboard shall be located within 4,000 feet of another digital billboard abutting or visible from either side of M-6.

§ 17.12(L)(3).

The Property on which Plaintiff proposes to install a digital billboard is within 4000 feet of a CBS Outdoor billboard on the southeast corner of East Paris and M-6. ZBA 117, Consent J. ¶ H. At the time Plaintiff filed its billboard application, and at the time the ZBA denied Plaintiff's request, the CBS Outdoor billboard had a static face. However, CBS Outdoor had entered into a Consent Judgment with Gaines Township.[3] The Consent

---

[3] *CBS Outdoor Inc. v. Gaines Charter Twp.*, No. 09-06224-CZ (Kent Co. Cir. Ct. Aug. 24, 2010) ZBA 115-33.

Judgment provides in pertinent part that "[a]t any time after the execution of this Consent Judgment, CBS Outdoor, at its option, may change one or both faces on the Southeast East Paris Billboard from static to trivision or digital . . . ."  Consent J. 121, ¶ 9.

When the ZBA denied Plaintiff's application to erect a digital billboard, the CBS Outdoor billboard had not been converted to a digital billboard.  Plaintiff contends that a digital billboard is only prohibited under § 17.12(L)(3) if it conflicts with another actual and existing digital billboard.  Plaintiff contends that because there is no existing digital billboard, and because the Consent Judgment does not compel CBS Outdoor to build a digital billboard or contain a sunset clause, the 4,000 foot digital billboard spacing requirement does not apply, and the Township's denial of its application on the basis of its proximity to an "eligible" digital billboard is contrary to law.

Defendant and CBS Outdoor entered into the Consent Judgment before Plaintiff filed its application for a digital billboard.  Pursuant to the Consent Judgment, CBS Outdoor has a vested right to convert its existing billboard to a digital billboard at any time without seeking any further approval from the Township.  The Consent Judgment provides:

> The provisions of this Consent Judgment giving certain rights to CBS Outdoor are self-executing and CBS Outdoor shall not be required to seek any approvals from the Township to exercise those rights, including but not limited to any variance, special use permit or building permit.

ZBA 124, Consent J. ¶ 17.

Section 17.12(L)(3) does not specify that it only applies to an "actual and existing" billboard as opposed to an "authorized" billboard.  It would not be logical to require the

8

Township to ignore previously authorized digital billboards simply because they have not yet been constructed.  Under such a reading of § 17.12(L)(3), the Township would not be able to reasonably control the spacing of digital billboards.

The Township's interpretation of § 17.12(L)(3) to extend to CBS Outdoor's vested right to erect a digital billboard is reasonable and not contrary to law.

**B.  Variance**

Plaintiff's final two issues on appeal challenge the ZBA's denial of a variance as to the adjacency requirement and the 4000 foot spacing requirement.

1.  Standards Applied

Plaintiff contends that the variances were denied in violation of Michigan law because the ZBA considered unnecessary hardship standards[4] that are applicable only to a use variance, and not to a non-use, dimensional variance.

The Michigan Zoning Enabling Act, Mich. Comp. Laws § 125.3101 *et seq.*, grants local units of government the authority to grant nonuse variances:

The zoning board of appeals of all local units of government shall have the

---

[4]The unnecessary hardship factors Plaintiff identifies are:

(1) the property cannot reasonably be used in a manner consistent with existing zoning, (2) the landowner's plight is due to unique circumstances and not to general conditions in the neighborhood that may reflect the unreasonableness of the zoning, (3) a use authorized by the variance will not alter the essential character of a locality, and (4) the hardship is not the result of the applicant's own actions.

*Janssen v. Holland Charter Tp. Zoning Bd. of Appeals*, 252 Mich. App. 197, 201 (2002).

> authority to grant nonuse variances relating to the construction, structural changes, or alteration of buildings or structures related to dimensional requirements of the zoning ordinance or to any other nonuse-related standard in the ordinance.

Mich. Comp. Laws  § 125.3604(8).  With respect to the procedures and standards for granting variances, the Zoning Enabling Act provides:

> If there are practical difficulties for nonuse variances as provided in subsection (8) or unnecessary hardship for use variances as provided in subsection (9) in the way of carrying out the strict letter of the zoning ordinance, the zoning board of appeals may grant a variance in accordance with this section, so that the spirit of the zoning ordinance is observed, public safety secured, and substantial justice done. The ordinance shall establish procedures for the review and standards for approval of all types of variances.  The zoning board of appeals may impose conditions as otherwise allowed under this act.

Mich. Comp. Laws  § 125.3604(7).  By its terms, the Zoning Enabling Act grants a zoning board of appeals discretion to grant a nonuse variance, as long as there are practical difficulties.  The Act also provides, however, that the ordinance may include additional standards for approval of nonuse variances.

In keeping with the Zoning Enabling Act, the Gaines Township Ordinance provides that non-use (dimensional) variances shall not be granted unless the ZBA finds that "a practical difficulty will occur unless the variance is granted."  ZBA 95, Ord. § 26.8(D).  However, the Ordinance also lists nine additional standards,[5] including whether the variance

---

[5]The Ordinance provides that the ZBA shall not grant a non-use (dimensional) variance unless it finds that all of the following standards are met:

> 1.  The variance request, if granted, will be the minimum variance . . . that will make possible the reasonable use of the land, structure, or building involved.

would be detrimental to neighboring properties, whether the problem is due to unique

circumstances relating to the property, and whether the problem was self-created. *Id.*

Although these standards exceed the minimum practical difficulty showing, the inclusion of

---

2.  The granting of the variance will not be injurious or detrimental to neighboring properties or residents.

3.  The variance will not be detrimental to the public welfare or change the essential character of the neighborhood.

4.  The variance will not impair the intent or purpose of this Ordinance.

5.  The problem or condition for which the variance is requested is not a self-created problem by the applicant or property owner (or their predecessors in title) as to the property involved.

6.  The condition or situation involved is not of so general or recurrent a nature that it would be more reasonable or practical for the Township to amend the provision of the Ordinance involved rather than to grant a variance for the condition or situation.

7.  There are exceptional, unique, or extraordinary physical conditions or circumstances which directly relate to the property itself . . . rather than the individual situation or desire of the applicant or property owner. . . .

8.  The variance must be necessary for the preservation and enjoyment of a substantial property right which is similar to that possessed by other properties in the same zoning district and vicinity.  (NOTE – a possible increased financial return shall not, of itself, be deemed sufficient to warrant a variance.)

9.  As specified above, the ZBA must also find that the applicant has practical difficulty complying with the Ordinance provision or provisions at issue.

ZBA 95-96, Ord. § 26.8(D).

11

additional standards is consistent with the Zoning Enabling Act's mandate to establish standards for approval of all types of variances.

There is no dispute that Plaintiff's two variance requests concerned non-use (dimensional) variances rather than land use variances.  There is also not dispute that standards considered by the ZBA are the nine standards listed in the Ordinance.  Plaintiff nevertheless contends that the nine standards include unnecessary hardship factors, and that it was inappropriate for the ZBA to consider the unnecessary hardship factors in evaluating Plaintiff's request for a non-use dimensional variance.  Plaintiff cites *Heritage Hill v. City of Grand Rapids*, 48 Mich. App. 765 (1973), and *National Boatland, Inc. v. Farmington Hills Zoning Bd. of Appeals*, 146 Mich. App. 380, 387 (1985), in support of the proposition that it is improper to consider unnecessary hardship factors when ruling on a non-use variance. Plaintiff's reliance on these cases is misplaced.  *Heritage Hill* and *Boatland* were decided before the Zoning Enabling Act was enacted in 2006, and neither case addressed a governing municipal ordinance, such as we have in this case, that required consideration of specific standards in addition to practical difficulty before the issuance of a non-use variance.

Furthermore, these cases do not stand for the broad proposition for which they are cited.  In *Heritage Hill*, the court rejected the plaintiff's contention that the zoning board should have considered unnecessary hardship factors in evaluating a third-party's nonuse variance: "To justify the grant of a nonuse variance there need only be a showing of practical difficulty.  It is not necessary, as claimed by the plaintiff, to show unnecessary hardship."

48 Mich. App. at 769.  The court did not hold that it would have been error to consider unnecessary hardship factors, but only that it was not necessary to consider those factors.

In *National Boatland,* the court held that because the requested variances were of the non-use variety, the applicant only needed to show practical difficulties, and not unnecessary hardship.  146 Mich. App. at 387.  The court reasoned that the non-use variance was properly denied in part because the applicant's problem was self-created.  *Id.* at 386.  This reasoning undermines Plaintiff's argument because self-created hardship is one of the unnecessary hardship factors that Plaintiff contends should not be considered for a non-use dimensional variance.

Any suggestion in *Heritage Hill* and *National Boatland* that it is improper to consider factors generally associated with unnecessary hardship for nonuse dimensional variances is contradicted by the Michigan Supreme Court's holding in *Johnson v. Robinson Twp*., 420 Mich. 115 (1984), that it was appropriate to apply the "self-created hardship" and "unique circumstances" standards to a nonuse variance request.  *Id.* at 126.  As the Court noted, "[t]here is no sound reason why those principles ought not to be considered by a board of appeals in the exercise of its discretionary power to grant area, as well as use, variances." *Johnson v. Robinson Twp.*, 420 Mich. 115, 126 (1984); *see also Cryderman v. City of Birmingham*, 171 Mich. App. 15, 21 (1988) ("An area variance . . . may be granted when enforcement of the zoning ordinance would result in practical difficulty or unnecessary hardship.")  Finally, there is ample authority for denying nonuse dimensional variances on

the basis of self-created hardships.  *See Norman Corp. v. City Of East Tawas*, 263 Mich.

App. 194, 202 (2004) (holding that the plaintiffs' size variance was rightly denied because

the problem was self-created); *Cryderman*, 171 Mich. App. at 22 (the area variance was

properly denied because the only practical difficulty or hardship was self-imposed).

The Township did not violate the law by applying the standards outlined in the

Ordinance to evaluate Plaintiff's non-use dimensional variance request.

2.  Substantial Evidence

Plaintiff also contends that the ZBA's denial of its request for variances was not

supported by competent, material, and substantial evidence on the record.

On appeal, the court reviews the record and decision to ensure that the ZBA's decision

is supported by competent, material, and substantial evidence on the record.  Mich. Comp.

Laws § 125.3606(1).  "'Substantial evidence' is evidence that a reasonable person would

accept as sufficient to support a conclusion.  While this requires more than a scintilla of

evidence, it may be substantially less than a preponderance."  *Dowerk v. Charter Twp. of*

*Oxford*, 233 Mich. App. 62, 72 (1998) (citing *Tomczik v. State Tenure Comm'n*, 175 Mich.

App. 495, 499 (1989)).  "On appeal, the factual findings of the ZBA are to be accorded

deference."  *Hughes v. Almena Twp.*, 284 Mich. App. 50, 60 (2009). "The primary reason for

this deference to the findings of the board of appeals is obvious – its members are local

residents who reside in the township and who possess a much more thorough knowledge of

local conditions, current land uses, and the manner of future development desirable for those

14

who reside in the township." *Szluha v. Avon Charter Twp*., 128 Mich. App. 402, 410 (1983).

Plaintiff contends that the ZBA incorporated facts into its decision that were not part of the presentation before the ZBA. Specifically, Plaintiff contends that the ZBA made findings regarding injury to neighboring property, other potential uses of the property, and a financial motive, even though no testimony or evidence was presented on these issues.

The ZBA found that seven of the nine standards for a variance from the adjacency requirement had not been met, and that eight of the nine standards for a variance from the the digital billboard spacing requirement had not been met. In its evaluation of Standards 1, 7, 8, and 9, the ZBA determined that the Property can be used for a number of reasonable uses as currently zoned; there are no unique conditions or practical difficulties that would prevent the Property from being used for multiple light-industrial uses.

Plaintiff's objection that these other potential uses of the property are not supported by substantial evidence is not well-founded. A zoning board's finding that property can be used consistent with its zoning classification does not require evidence. Such findings are consistent with the board's general knowledge of the ordinance and local conditions. Moreover, because Plaintiff was the party seeking the variance, Plaintiff bore the burden of proof to establish record facts demonstrating that a particular finding on each standard should be made. *Shelby Oaks, LLC v. Charter Twp. of Shelby*, No. 241135, 241253, 2004 WL 225056, at *2 (Mich. Ct. App. Feb. 5, 2004) (citing *Lafayette Market & Sales Co v. Detroit*, 43 Mich. App. 129, 133 (1972)). There is no suggestion that Plaintiff produced any evidence

15

that a variance was necessary for the reasonable use of the land (Standard 1); because of unique conditions (Standard 7); for the preservation of a substantial property right (Standard 8); or due to practical difficulty in complying with the Ordinance (Standard 9.)  Having produced no evidence on these standards, Plaintiff cannot complain that the board did not have evidence to support a finding that was adverse to Plaintiff on these Standards.

In evaluating Standard 2, the ZBA found that a variance allowing Plaintiff's proposed billboard "would severely restrict potential billboard locations on the Steelcase property which is clearly adjacent to M-6, as opposed to the property on which the Applicant desires to install the billboard." Plaintiff complains that there is no evidence to support a finding that a billboard would be injurious or detrimental to the Steelcase property, or that Steelcase was concerned about it.  Under standard 2, the burden was on Plaintiff to show that a variance would not be injurious or detrimental to neighboring properties or residents.  The record does not suggest that Plaintiff presented any evidence in support of such a showing.  Under these circumstances, the Court cannot say that it was improper for the ZBA to consider hypothetical injuries to neighboring properties.

In evaluating Standard 8, the ZBA found that "the variance request is based substantially on a desire for an increased financial return, both for the owner of the Property and the Applicant (as the lessee of a portion of the Property)."  Plaintiff  challenges this finding because no testimony or evidence was presented on this issue.  Even if this challenge is well-taken, it would not alter the outcome because there is substantial evidence in the

16

record to support the ZBA's determination that Plaintiff did not meet all nine standards, as required under the Ordinance.

For the reasons stated, the Gaines Charter Township Zoning Board of Appeals' May 11, 2011, resolution denying Plaintiff's two appeals and two requests for variances will be affirmed.

An order consistent with this opinion will be entered.


Dated: April 2, 2012                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE